IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| LAWSON PRODUCTS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:12-cv-01303-JCM-CWH |
| vs. | ) | |
| | ) | **JOINT MOTION FOR ENTRY** |
| SAMUEL E. FRUSTACI, | ) | **OF STIPULATED PROTECTIVE** |
| | ) | **ORDER** |
| Defendant. | ) | |

Under Federal Rule of Civil Procedure 26(c), Plaintiff, Lawson

Products, Inc., and Defendant, Samuel E. Frustaci, jointly request that the

Court approve and enter the Stipulated Protective Order, which is attached

///

///

///

///

///

/// ·

///

///

///

to and incorporated by reference into this Joint Motion as *Exhibit 1*, and

which has been agreed upon and approved by all parties to this litigation.

DATED this __15__ day of January, 2013.

Respectfully submitted by:

KRAVITZ, SCHNITZER, SLOAN &          HALL, JAFFE & CLAYTON, LLP
JOHNSON, CHTD.

By:   /s/ Jordan P. Schnitzer          By
      Jordan P. Schnitzer                    Michael R. Hall
      8985 S. Eastern Avenue, Suite 200      7425 Peak Drive
      Las Vegas, Nevada 89123                Las Vegas, Nevada 89128
      (702) 222 4142 (p)                     MHall@lawhjc.com
      (702) 362-2203 (f)                     Attorneys for
      gschnitzer@kssattorneys.com            DEFENDANT
      jschnitzer@kssattorneys.com
      Attorneys for
      LAWSON PRODUCTS, INC.

CLINGEN CALLOW & MCLEAN, LLC

By:   _____
      Kenneth J. Vanko
      Adisa Krupalija
      2100 Manchester Road, Suite 1750
      Wheaton, Illinois 60187
      (630) 871-2600 (p)
      (630) 871-9869 (f)
      vanko@ccmlawyer.com
      krupalija@ccmlawyer.com
      Attorneys for
      PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2013, I electronically filed the

foregoing document with the Clerk of the Court by using the CM/ECF

system which will send a notice of electronic filing to the following:

Jordan P. Schnitzer
Kravitz, Schnitzer, Sloane & Johnson, Chtd.
8985 S. Eastern Avenue, Suite 200
Las Vegas, Nevada  89123

Michael R. Hall
7425 Peak Drive
Las Vegas, Nevada  89128
Attorneys for Defendant

/s/ Kenneth J. Vanko

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| LAWSON PRODUCTS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:12-cv-01303-JCM-CWH |
| vs. | ) | |
| | ) | **STIPULATED PROTECTIVE** |
| SAMUEL E. FRUSTACI, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

Under Federal Rule of Civil Procedure 26(c), and based upon the

stipulation of the parties, **IT IS HEREBY AGREED AND ORDERED** that

Plaintiff, Lawson Products, Inc., and Defendant, Samuel E. Frustaci,

stipulate and agree that the following Protective Order shall govern

discovery from parties and non-parties in the case currently pending

between them, and the Court hereby grants the Parties' joint Motion for

Entry of Stipulated Protective Order.

     **IT IS HEREBY FURTHER AGREED AND ORDERED**:

1.  Definitions:  For purposes of this Protective Order the following

definitions shall apply:

     a.  "**Counsel**" shall mean the outside law firms who are counsel of

     record for the respective Parties in this matter including their staff

and independent contractors, and in-house counsel for the corporate parties, and such legal, clerical, paralegal and secretarial staff employed or retained by outside counsel for the sole purpose of assisting in the litigation, and provided that each such firm or person not employed by the firm first sign an Acknowledgement in the form attached as *Exhibit A* and thereby agree to be bound by the terms of this Order.

b.  "**Documents**" shall mean answers to interrogatories, deposition transcripts, records produced for inspection in any form in this matter, and any other tangible record, including, without limitation, printed matter, electronic media, or physical things.

c.  "**Receiving Party**" shall mean each party to this lawsuit that seeks or otherwise receives, but does not originate the Protected Information, together with their respective counsels, consultants, employees, and experts.

d.  "**Producing Party**" shall mean any individual or entity that produces or otherwise discloses information or Documents in response to a request from either of the parties to this lawsuit, including, without limitation, a non-party that produces or otherwise

discloses information or Documents in response to a subpoena issued by a party.

e.  "**Protected Information**" shall mean any document (including electronic documents), thing, deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided in this action ("Discovery Material") that contains any trade secret, non-public, proprietary, or confidential information and copies thereof, including but not limited to: business, accounting, sales, marketing, tax, and employment records, training procedures, design drawings in any medium, technical information, licenses, agreements, and contracts, trade data and research and development documents, customer identities and lists, and computer software programs in source code or object code, and identified by the Producing Party as "Confidential" or "Highly Confidential."

i. All Protected Information may be designated by the Producing Party as "Confidential," as defined and described below.

ii. Certain limited categories of Protected Information may be

further designated by the Producing Party as "Highly Confidential," as defined and described below. The Highly Confidential designation shall be reserved for Protected Information, the disclosure of which would provide a particularly broad competitive advantage to the Producing Party's competitors and/or would likely cause significant harm to the competitive position of the Producing Party.

Unless identified by the Producing Party as Highly Confidential or expressly treated as Highly Confidential under other terms of this Order, Protected Information will generally be identified and designated as Confidential.

2.    <u>Designations</u>:  Producing Parties shall take reasonable steps to promptly designate all Protected Information as Confidential or Highly Confidential. Unless otherwise agreed, all Confidential or Highly Confidential designations shall be made in good faith by the Producing Party at the time of disclosure or production to the Receiving Party, or at such other time as permitted by this Protective Order. Such steps shall include the following:

a.  **Documents, Responses to Written Discovery and Subpoenas,**

**and Other Tangible Materials**:  All Discovery Materials in the form of documents, written responses to discovery requests, or other tangible materials other than depositions or other pretrial testimony that is deemed by a Producing Party to disclose Protected Information shall be so identified either specifically or in general by that Producing Party. Specific designation shall be accomplished with the name of the classifying Producing Party followed by the appropriate designation term of either Confidential or Highly Confidential.

b.  **Depositions**: Except as to portions designated as "Confidential" or "Highly Confidential" in the deposition itself, deposition transcripts shall be treated as Confidential in their entirety until thirty days after receipt of the transcript have passed, unless the parties expressly agree otherwise in writing or on the record in the deposition. Within thirty days after receiving the transcript, any party may designate an entire deposition transcript or portions thereof as Confidential or Highly Confidential, as appropriate. The designation shall be made in writing to all other Parties and the court reporter, identifying with reasonable precision the pages, line references, and exhibits

constituting Protected Information and the class of designation. If portions of the transcript or exhibits were designated during the deposition, such designation remains in force and need not be reasserted under this paragraph. Information or Documents designated pursuant to this Protective Order shall retain its designated status even though marked as a deposition exhibit, and such status need not be reasserted under this paragraph. Subject to the provisions relating to inadvertent failure to designate, failure to designate testimony either at a deposition or within thirty (30) days after receipt of the transcript shall be deemed a waiver of the right to designate such testimony as Protected Information, but shall not affect the status of any other information, whether or not closely related. If the Parties disagree about the Confidential or Highly Confidential designation of a deposition transcript, it shall continue to be treated as Confidential or Highly Confidential (whichever protection is being sought) until the Court rules otherwise.

c. **Other Non-Documentary Discovery Materials.** All Discovery Materials containing Protected Information that are not in documentary, physical, or tangible form or cannot be

conveniently designated in the manner set forth above shall be designated by the Producing Party by notifying the Receiving Party in writing.

d. **Document Inspections**:  All documents and things may be made available for initial inspection by Counsel for the Receiving Party prior to production. The parties recognize that in some instances it may not be possible to identify or designate specific information before inspection or at the time of providing such information for reasons such as, but not limited to, the volume of Documents and/or the legitimate desire of a Producing Party not to mark its original records. In such circumstances and upon the Producing Party's request, the Documents may be generally designated as potentially containing "Protected Information" and shall be treated as if designated "Highly Confidential" until such time as the Producing Party has a reasonable opportunity to review and designate the documents as Confidential or Highly Confidential prior to providing copies to the Receiving Party. Should a Producing Party have concerns as to the potential designation as "Highly Confidential" information, it is incumbent upon it to conduct a review of all such

items without delay.

e.  **Inadvertent Failure to Designate**:  If, through inadvertence, a Producing Party discloses any material containing Protected Information without designating the material as Confidential or Highly Confidential, such failure to designate does not constitute a waiver. After an inadvertent failure to designate Protected Information, the Producing Party may subsequently designate the material as Confidential or Highly Confidential by so informing the Receiving Party in writing. The Parties shall thereafter treat the disclosed material as so designated in the written notification of the inadvertent disclosure. The Receiving Party shall take reasonable steps to provide a written advisement to persons to whom disclosure was made before receipt of the designation of such status and of this Order, and shall request return of such information and all copies, but shall not otherwise be required to retrieve or take any action to protect such information or copies of documents disclosed before the receipt of the Protected Information designation.

f.  **Contested Designations**: No party waives the right to dispute any designation by agreeing to this Protective Order. A party shall not be

obligated to challenge the propriety of designating any Protected Information at the time such designation is made, and failure to do so shall not preclude a subsequent challenge. If a party at any time disagrees with the Producing Party's designation of Confidential or Highly Confidential of any Protected Information, or the restrictions on its disclosure, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court but the Producing Party designating information as protected shall bear the burden of proof that it should constitute Protected Information and be restricted as provided. Each party shall also have the right at any time to request relief and award of sanctions occasioned by any party's potential abuse of the protections in this Order. The Parties may by stipulation provide for exceptions to this Order and any party may seek an order of this Court modifying this Protective Order. The Parties shall notify any Producing Party who is not party to this lawsuit reasonably in advance of any modification to this Protective Order, stipulated or otherwise, so that the Producing Party may, if necessary, object to such modification to protect its interests.

This Order shall be without prejudice to either party to bring before the Court at any time the question of whether any particular information is or is not, in fact Protected Information. While Protected Information shall remain under the protection of this Order until otherwise ordered by the Court, in considering the issue nothing shall be regarded by the Court as Protected Information to the extent and as to portions that are shown to be either:

     i.    in the public domain at the time of disclosure as a composite item of information; or

    ii.     shown to be information a Receiving Party can establish, by previously-existing documentary evidence, was lawfully in its possession as a composite item of information before the time of disclosure.

3.   <u>Non-Use</u>:  Any Protected Information or other Discovery Material produced during the course of this action shall be used solely for the purposes of this action and shall not be disclosed or used by any Receiving Party for any other purpose. A Receiving Party shall not use any Protected Information for purposes of obtaining media attention or exposure or publicizing this litigation. All obligations and duties arising under this

Order shall survive until otherwise ordered by the Court. This Court

retains jurisdiction over the parties to resolve any dispute regarding the

improper use or disclosure of Protected Information under this Order.

4.   <u>Disclosure of Protected Information</u>:  Except with the prior written

consent of the Producing Party or pursuant to further order of this Court,

Protected Information may not be disclosed to any person other than as

described below, based on its designation.

   a.   Subject to the express limitations of this Protective Order for such

    disclosures, "Qualified Persons" having access to Protected

    Information designated as "Confidential" in this action are:

      i.   Counsel of record in this Action and employees of

        such counsel; or

      ii.   The Parties to this lawsuit and their employees or

        agents who are involved in the prosecution or

        defense of this Action; or

     iii.   Experts and consultants (and their staff and support

        personnel) consulted by persons described in (i) or

        (ii), above, in connection with this action (whether in

        preparation for trial or in the presentation of

evidence, or in connection with trial, motions,

testimony, evaluation, advice or otherwise in

connection with this Action), provided such expert

or consultant first complies with Paragraph 5, below;

or

iv.    Court reporters while in the performance of their

official duties, provided that these persons may

retain Protected Information only as long as is

necessary for the conduct of their duties in this

Action; or

v.     The Court and its staff; or

vi.    Any deponent and/or witness in this Action,

provided such deponent or witness complies with

Paragraph 5, below; or

vii.   Persons who appear on the face of the Protected

Information as an author, addressee, or recipient; or

viii.  Independent third parties retained or used by

attorneys of record in this litigation (such as service

providers necessary to copy, scan, print, or

reproduce documents) solely for the purposes of preparation, trial, appeal, or settlement of this action; or

ix. Claims counsel or a representative of any insurer of a party to this action, but only to the extent and to portions necessary for a claim for defense or indemnity arising from this action and provided that such person complies with Paragraph 5, below.

b. Protected Information designated as "Highly Confidential" in this action shall be afforded all the protections as Confidential information, but with the additional condition that Highly Confidential information will be produced only to Counsel for Receiving Party. Counsel for Receiving Party will not make copies of the information, and will not disclose or discuss the contents with any person, except that:

i. Counsel for Receiving Party may allow Receiving Party to review or inspect the information, provided that the Receiving Party complies with Paragraph 4(c), below.

ii. Counsel for Receiving Party may allow access by Qualified

Persons pursuant to Paragraphs 4(a)(iii), but access by such Qualified Persons shall be restricted to the independent consultants or experts retained by a party and questioned by Counsel in connection with this action, and only to the extent and as to portions necessary to assist such Counsel in the prosecution or defense of this action, to the extent relevant to information reasonably believed to be the subject of their expertise, and provided that such Designated Persons comply with Paragraphs 4(c) and 5, and are not employed by a direct competitor of Producing Party.

iii. Counsel for Receiving Party may allow access by Qualified Persons pursuant to Paragraphs 4(a)(vi), but access by such Qualified Persons shall be restricted to those Qualified Persons who reasonably need to have access to such information in connection with this action, and only to the extent and as to portions necessary to assist counsel in the prosecution or defense of this action. Additionally, Counsel for Receiving Party may only allow such access if the Designated Persons comply with Paragraphs 4(c) and 5, below.

c.     Counsel for Receiving Party may disclose Highly Confidential information pursuant to Paragraph 4(b)(i)-(ii) only on the following conditions:

i. Such disclosure shall be limited to only the extent necessary to assist the Receiving Party or Designated Person in the prosecution or defense of this action, and may not use it for any purpose other than in connection with the prosecution or defense of this action.

ii. The Receiving Party or Designated Person may not view Highly Confidential information outside the presence of outside counsel.

iii. The Receiving Party or Designated Person may not make or keep a copy of Highly Confidential information.

iv. The Receiving Party or Designated Person may not make any summaries of or take notes on the content of the Highly Confidential information.

v.     The Receiving Party or Designated Person may not discuss or disclose the contents of the Highly Confidential information with anyone other than Counsel for Receiving

Party.

5.   <u>Acknowledgement</u>: Qualified Persons defined in Paragraphs

4(a)(iii), 4(a)(vi), and 4(a)(ix) shall not be allowed access to any

Protected Information until after signing an Acknowledgement in the

form attached hereto as *Exhibit A,* and thereby agreeing to be bound

by the terms of this Order. However, Qualified Persons under

paragraph 4(a)(vii) do not need to sign *Exhibit A.*

6.   <u>Obligations of Counsel</u>:  It shall be the responsibility of Counsel for the

respective parties to ensure  compliance with the provisions of this

Protective Order in their dealings with Protected Information, and it shall

be the responsibility of Counsel to take reasonable and proper steps to

ensure that this Protective Order and all provisions are made known to any

person who shall examine Protected Information as provided. All persons

responsible for determining that Discovery Materials contain Protected

Information shall be familiar with this Order and the scope of its

protection. All Protected Information, including any and all copies thereof,

shall be kept by Counsel in a place appropriately safe, given its

designation.

7.   <u>Conclusion of the Litigation</u>:  Within sixty (60) days after entry of a

final judgment or dismissal with prejudice in this litigation (including appeals or petitions for review) finally disposing of all issues raised in this litigation, Counsel and all other persons having possession or control of a Producing Party's Protected Information thereof shall, upon request, provide copies of all executed *Exhibit A* documents and shall:  (a) return all Protected Information and any copies thereof to the appropriate Producing Party who produced the Protected Information; or (b) destroy such Protected Information and all copies to the extent it contains or is contained in any notes, summaries, digests, synopses or other document added by Counsel or any other person after production. Each party shall give written notice of such destruction to all Counsel. Subject to the foregoing, Counsel may retain both a physical and electronic copy of any document containing Protected Information for archive purposes. Counsel shall also provide the opposing party with the originals of all acknowledgment forms executed by persons pursuant to this Protective Order at any time upon request.

8.   Non-waiver:  The production of Discovery Materials by a Producing Party under the terms of this Order and in response to a request by any other party shall not be construed to mean that the Producing Party has waived any objection to the production, relevancy, or admissibility of said

Document. Nothing shall preclude any Producing Party from opposing any discovery on any lawful basis.

9.   <u>Trial Procedures</u>:  The Parties agree to jointly request that the Court implement appropriate procedures to protect Protected Information which may be disclosed at the trial or any hearing in this matter consistent with the spirit and scope of this Order.

10.   <u>Modification</u>:  Stipulations may be made, between Counsel for the respective parties, as to the application of this Order to specific situations (*e.g.*, documents which are so voluminous that it would be overly burdensome to mark each page thereof individually, or electronic documents not identifiable in pages or screens) provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing shall preclude any party from seeking an order of the Court modifying or supplementing this Order. The Parties shall notify any Producing Party who is not party to this lawsuit reasonably in advance of any modification to this Protective Order, stipulated or otherwise, so that the Producing Party may, if necessary, object to such modification to protect its interests.

11.   <u>Interim Effect</u>:  This Protective Order shall be submitted to the Court

for approval and, following approval, shall continue in effect until further order of this Court. For purpose of proceeding with discovery without delay, pending the Court's approval of this Order, any Proprietary Information produced under the terms of this Order shall be protected by the Parties under these terms.

In the event the Court refuses to enter this Protective Order, or determines that such Protective Order is premature, all provisions, as agreed to between the parties, shall continue in effect until a Court determination is made, at which time the Court determination shall supersede the applicable terms of this Stipulated Order subject to any parties' right to seek an order modifying or supplementing the Order.

12. Filing under Seal: Filing of documents under seal shall be conducted in compliance with Local Rule LR 10-5. No document filed under seal shall be considered by the Court or relied upon by any party absent an order of the Court so permitting.

IT IS SO ORDERED this _____16th_____ day of January, 2013.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| LAWSON PRODUCTS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:12-cv-01303-JCM-CWH |
| vs. | ) | |
| | ) | **ACKNOWLEDGMENT OF** |
| SAMUEL E. FRUSTACI, | ) | **STIPULATED PROTECTIVE** |
| | ) | **ORDER** |
| Defendant. | ) | |

The undersigned acknowledges that he or she has read the Stipulated Protective Order agreed to by the Parties and entered by the Court in this action and agrees to be bound by the terms.

_____
(Signature)

_____
(Printed Name)

_____
(Date)